## O'NEAL v ANNAPOLIS HOSPITAL

Docket Nos. 112910, 112911. Submitted December 15, 1989, at Detroit. Decided February 12, 1990. Leave to appeal applied for.

Gerald O'Neal and his mother, Pauline Murray, brought a medical malpractice action in Wayne Circuit Court against Annapolis Hospital, two nurses employed by the hospital and two doctors, alleging that due to negligent care at the time of O'Neal's birth O'Neal suffered from permanent mental retardation. The trial court, Richard C. Kaufman, J., dismissed the cause of action against the hospital and the nurses on the basis of governmental immunity. Plaintiffs sought leave to file an interlocutory appeal. The Court of Appeals, after first vacating the trial court's order, on rehearing vacated its prior order and denied leave to appeal. Plaintiffs sought leave to appeal to the Supreme Court which, in lieu of granting leave, remanded to the Court of Appeals for consideration as on leave granted in light of *Canon v Thumudo,* 430 Mich 326 (1988). 431 Mich 882 (1982).

The Court of Appeals *held:*

Summary disposition in favor of the two nurses on the basis of governmental immunity was improper in that the claimed acts of negligence by the nurses involved ministerial tasks rather than discretionary tasks; thus, the nurses, being lower level employees, are not clothed with governmental immunity.

Reversed.

GOVERNMENTAL IMMUNITY — TORTS — HOSPITALS — NURSES.

The routine monitoring by labor and delivery nurses at a public hospital for fetal heart tone is a ministerial act where there exists a hospital requirement that such monitoring be done; the fact that such monitoring should be done with greater frequency once it is determined that the mother is in active labor does not make the monitoring a decisional act rather than a

REFERENCES

Am Jur 2d, Hospitals and Asylums §§ 20-22; Municipal, County, School, and State Tort Liability §§ 111, 112.

See the Index to Annotations under Governmental Immunity or Privilege; Hospitals; Malpractice by Medical or Health Professions; Nurses and Nursing.

ministerial act; accordingly, such nurses are not immune from tort liability by reason of governmental immunity.

*Thurswell, Chayet & Weiner* (by *Gerald E. Thurswell, Nancy Saitta* and *Tammy J. Reiss*), for plaintiffs.

*Kitch, Saurbier, Drutchas, Wagner & Kenney, P.C.* (by *Susan Healy Zitterman*), for defendants.

Before: NEFF, P.J., and WAHLS and T. G. KAV-ANAGH,* JJ.

PER CURIAM. In this medical malpractice case, plaintiff Gerald O'Neal and his mother, plaintiff Pauline Murray, alleged in their complaint filed in 1986 that defendants' negligence at plaintiff O'Neal's birth in 1963 caused his permanent mental retardation. Plaintiffs' cause of action against the hospital and nurses involved in O'Neal's delivery was dismissed in 1987 on the ground that it was barred by governmental immunity, leaving only plaintiffs' claims against the doctors to be resolved. On January 13, 1988, following plaintiffs' interlocutory applications for leave to appeal, this Court vacated the orders of the circuit court because "(t)here was . . . neither common law nor statutory governmental immunity at the time this cause of action accrued" in 1963. On March 11, 1988, this Court, on rehearing, vacated its previous order and denied plaintiffs' applications for leave to appeal "for failure to persuade the Court of the need for immediate appellate review." On October 31, 1988, in lieu of granting leave to appeal, the Supreme Court remanded the case to this Court "for consideration as on leave granted with respect to the plaintiffs' tort claims in light of . . . *Canon*

---

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

v *Thumudo,* 430 Mich 326 [422 NW2d 688] (1988)." 431 Mich 882 (1988). We now reverse the trial court's decision.

The sole issue argued in plaintiffs' brief relates to claims of negligence against defendant nurses, F. Jeannin and J. Williams. Specifically, plaintiffs allege in their complaint that defendants "(f)ailed to take and record the fetal heart tone periodically and timely during the labor . . . so that if fetal distress occurred, Gerald O'Neal could be delivered expeditiously." Plaintiffs argue that under *Canon v Thumudo,* 430 Mich 326; 422 NW2d 688 (1988), the nurses' duties with respect to monitoring fetal heart tones were ministerial, and, therefore, not protected by governmental immunity. We agree.

According to *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567, 633-634; 363 NW2d 641 (1984), lower level governmental employees are immune from tort liability when they are acting during the course of their employment, within the scope of their authority and in good faith, *and performing discretionary, as opposed to ministerial acts. Ross* explained that "discretionary-decisional" acts protected by immunity are those acts "which require personal deliberation, decision, and judgment," but do "not encompass every trivial decision . . . which may be involved in performing an activity." On the other hand, "ministerial-operational" acts are those acts which constitute "obedience to orders or the performance of a duty in which the individual has little or no choice." But the fact that a person's acts "entail some minor decision-making" does not mean that the acts are discretionary-operational. It is only when the acts involve "*significant* decision-making" that they are protected as discretionary-decisional. *Id.,* pp 634-635; *Canon, supra,* pp 333-334, emphasis added.

In this case, documents produced by defendants,

defendants' answers to plaintiffs' requests for admissions, and deposition testimony show that labor and delivery nurses at Annapolis Hospital in 1963 were required, after admission of the mother to the labor and delivery area, to monitor fetal heart tones routinely, i.e., whenever they examined the mother, which was approximately four times "an evening." We interpret this to mean that, although there may have been discretion on how often the mother would be examined, there was no discretion on whether to monitor fetal heart tones when the mother was, in fact, examined. The medical records indicate that fetal heart tones were not monitored during a seven hour period although the mother was examined twice.

Documents, admissions, and deposition testimony also show that nurses were required to monitor fetal heart tones more frequently when the mother entered "active labor." While the determination of whether the mother has entered active labor undoubtedly involves some medical judgment, we do not believe that it involves *significant* decision-making in the circumstances presented here to be protected by governmental immunity. Medical records and deposition testimony indicate that the mother was in active labor for approximately three hours before delivery.

We believe that the specific acts, or failures to act, complained of by plaintiffs are in the nature of care and supervision which, under *Canon,* should be considered to be ministerial. See *Canon, supra,* pp 338-340. Once the decision was made to admit the mother to labor and delivery, the nurses' duty with respect to the monitoring of fetal heart tones was defined for them; and once the mother entered active labor, the nurses' duty was redefined. We believe that the determination of whether a particular stage had been reached, which in turn gave

rise to defined duties, involved no decision-making in the former case and no *significant* decision-making in the latter. See *Canon, supra,* pp 349-352. Thus, we conclude that the specific acts complained of were ministerial, and defendant nurses are not immune from tort liability if the acts were negligently performed and proximately caused plaintiffs' damages.

Reversed.